# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00495-FDW
# (CRIMINAL CASE NO. 3:17-cr-00134-FDW-DSC-72)

| | |
|---|---|
| ISAIAH DEVON STALLWORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On May 16, 2017, Petitioner Isaiah Devon Stallworth ("Petitioner") was charged in a Sealed Bill of Indictment, along with 82 co-defendants, with one count of Racketeer Influenced Corrupt Organization (RICO) conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); one count of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Twenty); one count of aiding and abetting the use and brandishing of a firearm in furtherance of a crime of violence, that is Hobbs Act robbery as set forth in Count Twenty, all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Twenty-One); and one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count Sixty-Six). [Doc. 3: Sealed Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00495-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-72.

On December 28, 2017, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One (RICO conspiracy) and Twenty-One (§ 924(c) with an aiding and abetting Hobbs Act robbery predicate) and the Government agreed to dismiss Counts Twenty and Sixty-Six. [CR Doc. 939: Plea Agreement]. On January 5, 2018, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 956: Acceptance and Entry of Guilty Plea].

Petitioner's sentencing hearing was held on September 6, 2018. The Court sentenced Petitioner to 27 months on Count One and 84 months on Count Twenty-One to run consecutively to the term for Count One, for a total term of 111 months' imprisonment. [CR Doc. 2117 at 2: Judgment]. Judgment on this conviction was entered on September 26, 2018. [Id.]. Petitioner did not file a direct appeal from this Judgment.

On October 1, 2019, Petitioner filed the pending Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Davis v. United States, 139 S. Ct. 2319 (2019). [CV Doc. 1]. Petitioner argues that his "enhancement" of 84 months' imprisonment under § 924(c) is invalid because RICO conspiracy is not a "crime of violence." [CV Doc. at 10].

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. On initial review and after examining the record in this matter, the Court finds that Petitioner has failed to state a cognizable claim and the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States,

423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Davis, his "enhancement"[2] on Count Twenty-One was invalid because a conspiracy is not a "crime of violence." [See CV Doc. 1 at 10-11].

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, convictions under § 924(c) are valid only if the predicate crime is a "crime of violence" under the force clause. Here, Petitioner contends that his § 924(c) conviction is invalid because RICO conspiracy is not a crime of violence. Petitioner's claim is without merit. Petitioner is simply mistaken regarding which crime was the predicate for his § 924(c) charge. The Indictment is clear that Petitioner's § 924(c) charge was predicated on aiding and abetting Hobbs Act robbery, not RICO conspiracy:

---

[2] Petitioner's sentence was not "enhanced" for possessing a firearm in relation to a crime of violence, as Petitioner contends. Rather, Petitioner pleaded guilty to, was convicted of, and was sentenced for violation of § 924(c). The Court will, therefore, construe Petitioner's motion in this context.

> [Petitioner] aided and abetted by others known and unknown to the Grandy Jury, did knowingly use and carry a firearm during in and in relation to a <u>crime of violence</u> for which the defendant may be prosecuted in a court of the United States, that is, <u>Hobbs Act robbery in violation of Title 18, United States Code, Section 1951, as set forth in Count Twenty of this Indictment</u>….

[Doc. 3 at 97 (emphasis added)].

As such, whether Petitioner's § 924(c) conviction is valid depends on whether aiding and abetting Hobbs Act robbery is a crime of violence under the force clause. Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." <u>United States v. Ashley</u>, 606 F.3d 135, 143 (4th Cir. 2010); <u>see</u> 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). <u>United States v. Barefoot</u>, 754 F.3d 226, 239 (4th Cir. 2014); <u>United States v. Jaensch</u>, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." <u>In re Colon</u>, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." <u>United States v. Mathis</u>, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). <u>In re Colon</u>, 826 F.3d at 1305; <u>United States v. Grissom</u>, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); <u>United States v. McKelvey</u>, 773 Fed. App'x 74, 75 (3d Cir. 2019)

(same). As such, Petitioner's § 924(c) conviction, which was predicated on aiding and abetting Hobbs Act robbery, is valid and Petitioner has not stated a cognizable claim under Section 2255.

**IV.    CONCLUSION**

Having concluded that Petitioner has not stated a cognizable claim under Section 2255, the Court will deny and dismiss Petitioner's motion.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: November 5, 2019

_____
Frank D. Whitney
Chief United States District Judge