# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 0419 3:17CR00134-072 |
| Isaiah Devon Stallworth | ) |
| | ) USM No: 33556-058 |
| Date of Original Judgment: 09/20/2018 | ) |
| Date of Previous Amended Judgment: 04/25/2019 | ) Joshua Carpenter |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED. ☒ GRANTED and the defendant's previously imposed **aggregate** sentence of imprisonment *(as reflected in the last judgment issued)* of  111  months **is reduced to**  108 months .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 04/25/2019, shall remain in effect.

**IT IS SO ORDERED**.

Signed: March 18, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Isaiah Devon Stallworth
CASE NUMBER:  0419 3:20CR00134
DISTRICT:  Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | |
|---|---|---|
| Previous Total Offense Level: 16 | | Amended Total Offense Level: 16 |
| Criminal History Category: III | | Criminal History Category: II |
| Previous Guideline Range: 27 to 33 months | | Amended Guideline Range: 24 to 30 months |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.
☒ Other (explain):  The aggregate sentence includes an 84-month consecutive sentence to which the Defendant was sentenced on Count 21.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because at the time of sentencing his criminal history category was calculated including two "Status Points." Defendant no longer earns "Status Points" under amended Section 4A1.1(e) of the Sentencing Guidelines, reducing his criminal history category from III to II and his Guideline Range down to 24 to 30 months, plus a mandatory minimum consecutive sentence of 84 months on Count 21, for an aggregate low-end Guideline Range sentence of 108 months. Further, the Court has considered the sentencing factors set forth in 18 U.S.C. 3553(a) in rendering an appropriate reduced sentence and finds that an aggregate sentence of 108 months is sufficient but not greater than necessary to serve the purposes of sentencing.